IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



FRANCES E. PAYNTER,

Plaintiff,

v.

HOUSEHOLD LIFE INS. CO.,

Defendant.

Civil Action Number 3:08CV113

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Plaintiff's Motion to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(a).  For the reasons stated below, the Court shall DENY the Defendant's Motion for Judgment on the Pleadings and GRANT Plaintiff's Motion to Amend Complaint.

## I. BACKGROUND

On August 9, 2007, Plaintiff Frances E. Paynter and her husband, Heinz Enggist, refinanced their home through Household Realty Corporation of Virginia ("Household Realty"), an affiliate of Defendant Household Life Insurance Company ("Household Insurance").  At that time, Paynter and Enggist applied for a joint credit life insurance policy.  The policy provides that in the event of the death of either or both Paynter and Enggist, the balance due on the refinanced loan would be paid. Household Insurance collected premiums when Paynter and Enggist made their mortgage payments.

Enggist died of a sudden cardiovascular arrest on October 19, 2007.  At the time of Enggist's death, approximately $240,754 was due on the loan.  On October 23, 2007, Paynter's sister contacted

1

Household Insurance to notify it of Enggist's death and to schedule an appointment for Paynter to meet with Robert Dawkins, an agent of Household Insurance. Paynter met with Dawkins on October 24, 2007, at which time he requested that claim forms be mailed to Paynter.

On October 28, 2007, Paynter received a letter from Household Insurance denying coverage for Enggist, and issuing a certificate of insurance for Paynter and an Endorsement. The letter was postmarked October 23, 2007, the same day that Paynter's sister notified Household Insurance of Enggist's death. The letter was backdated to October 10, 2007, nine days before Enggist's death.

Consequently, Paynter filed the instant action against Household Insurance for breach of contract, bad faith, and fraud[1] on January 23, 2008. Household Insurance moves the Court for a judgment on the pleadings in its favor contending that Paynter's claims require the existence of a life insurance policy. Specifically, Household Insurance alleges that because it never approved Enggist for coverage, an insurance contract between it and Enggist ever existed. Paynter argues that because the Endorsement lists Enggist as an insured, it demonstrates that Household Insurance approved Enggist for life insurance. Thus, the issue before the Court is whether Paynter has plead sufficient factual allegations to make it plausible that a valid life insurance contract existed between Enggist and Household Insurance at the time of his death.

## II. STANDARD OF REVIEW

"After pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). A Rule 12(c) motion is subject to the same

---

[1]Paynter initially alleged that the letter was "fraudulently backdated by the defendant . . . to avoid the defendant's obligations under the policy." (Compl. ¶ 8.) In her response to Household Insurance's Motion and in her proposed Amended Complaint, Paynter abandons her fraud claim. (Pl.'s Mem. Opp'n Def.'s J. Pleadings at 2); (Am. Compl. ¶ 10).

standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Significantly, a Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. at 243-44 (internal quotation marks omitted). Thus, when considering a Rule 12(c) motion, the facts presented in the pleadings and the inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. Id. at 248. Although generally a court may not consider any documents outside of the complaint, a court may nonetheless consider "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Federal Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006); accord Gasner v. County of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (holding that documents "quoted, relied upon, or incorporated by reference in the complaint" may be considered on a motion to dismiss without converting the motion to one for summary judgment).

Federal Rule of Civil Procedure 8(a)(2) requires the pleader to state a "short and plain statement of the claim showing that the pleader is entitled to relief." Recently, the Supreme Court in Bell Atlantic Corporation v. Twombly, held that Rule 8(a)(2) requires the pleader to state "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. 1955, 1974 (2007); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 n. 7 (4th Cir. 2007). Although a complaint or counterclaim does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. The Court explained that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." Id. at 1964. When the allegations in a complaint fail to sufficiently state a claim

showing that the plaintiff is entitled to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1966. Nonetheless, the Supreme Court admonished that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965.

### III. DISCUSSION

The Court shall apply the substantive law of Virginia because this case is before the Court under diversity of citizenship jurisdiction, and because the parties seek interpretation of an insurance application and contract completed and allegedly entered into in Virginia. See Erie R.R. Co. v. Thompkins, 304 U.S. 64, 78 (1937); Pham v. Hartford Fire Ins. Co., 419 F.3d 286, 288-89 (4th Cir. 2005). Moreover, the parties agree that Virginia law applies. Under Virginia law, an insurance application is merely an offer to enter an insurance contract on the part of an applicant, which the insurer may accept or reject. Smith v. Colonial Ins. Co. of Cal., 515 S.E.2d 775, 777 (Va. 1999); Hayes v. Durham Life Ins. Co., 96 S.E.2d 109, 111 (Va. 1957). Generally, "[m]ere delay on the part of an insurance company in refusing to act upon, or failing to act upon, an application for insurance does not of itself create a contract, nor estop the insurance company from denying that any contract was made." Hayes, 96 S.E.2d at 111; accord Progressive Enters., Inc. v. New England Mut. Life Ins. Co., 538 F.2d 1057, 1060 (4th Cir. 1976). But, where an institution by its silence prevents a prospective insured from seeking insurance elsewhere during his lifetime the institution, having created such an ambiguity, will not be permitted to rely on it as a defense. Virginia First Sav. & Loan Ass'n v. Wells, 299 S.E.2d 370, 372 (Va. 1983). Further, it is well settled that ambiguous terms are construed against the insurance company and in favor of coverage. See, e.g., Craig v. Dye,

526 S.E.2d 9, 11 (Va. 2000); Andrews v. Am. Health and Life Ins. Co., 372 S.E.2d 399, 401 (Va.1988).

Household Insurance contends that (1) the documents accompanying the insurance application, the "CE Optional Credit Insurance Disclosure" ("Disclosure")[2] and the "Notice of Proposed Group Life Insurance" ("Notice")[3] condition coverage on the approval of Enggist's insurance application, and (2) because Household Insurance never approved the application, it never issued the insurance policy and, therefore, no insurance contract exists to sustain Paynter's claims. Relying on Hayes,[4] Household Insurance appears to argue that "approval" is synonymous with

---

[2]The Disclosure provides on the front page, in pertinent part, that "For premium(s) shown below and subject to approval of your insurance application (if one is required), by the insurer, you may buy (1) Credit Life Insurance . . . ." (Def.'s Mem. Supp. J. Pleadings, Ex. B. at 1.) On page three immediately before Paynter's and Enggist's signatures the Disclosure also states, in relevant part, that "there will be no insurance until the insurer has approved your application (if one is required)." (Id.)

[3]The Notice states as follows:

> If your application is approved, your insurance is effective on the date of your application. Upon approval, and within 30 days of the date of your application, subject to receipt of satisfactory evidence of insurability, a certificate of insurance will be delivered to you. If your application is not approved, any premium you paid will be refunded to you or credited to your account. Insurance benefits summarized below will apply only if your application for insurance is approved.

(Def.'s Mem. Supp. J. Pleadings, Ex. A. at 1.)

[4]In Hayes, the plaintiff's husband made an application for life insurance and died prior to the insurance company having issued an interim or binding insurance policy. The insurance application provided that the insurance company "shall incur no liability on account of this application until a policy be issued and delivered to me during the lifetime and good health of the life insured and the full first premium stipulated in the policy has actually been paid to and accepted by the Company." Hayes, 96 S.E.2d at 109-11. Consequently, the Virginia Supreme Court held that an insurance contract had not been formed because "the plain and simple language of the application and terms of the receipt put the applicant on notice that he was not protected unless and until a policy of insurance was 'issued and delivered' to him during his

issuance and delivery. Household Insurance's reliance on Hayes is misplaced. In Hayes, the insurance application explicitly stated that it did not become effective until issuance and delivery of the policy. 96 S.E.2d at 109. Here, the Disclosure and Notice premise the acceptance of Enggist's application on "approval," not issuance and delivery of the policy. Thus, whether a valid insurance contract exists between Household Insurance and Enggist turns on whether Household Insurance approved Enggist for insurance, not on whether it issued and delivered a policy.

The Court finds that the question of whether Household Insurance approved Enggist's application is a contested factual matter. Household Life contends that a comprehensive reading of the Endorsement demonstrates that it only approved Paynter for single life insurance policy.[5] Paynter argues that because the Endorsement listed Enggist as an insured, it proves that Household Insurance approved Enggist and Paynter for group insurance. These arguments are premature. A motion pursuant to Rule 12(b)(6) or Rule 12(c) tests the sufficiency of a complaint, meaning that stating a claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." Twombly, 127 S. Ct. at 1965 (emphasis added). Despite Household Insurance's arguments to the contrary, the Supreme Court's ruling in Twombly did not change that

───────────────

lifetime and while he was in good health." Id. at 111.

[5]The Endorsement states:

Insured: FRANCES E. PAYNTER & HEINZ ENGGIST

This certificate is endorsed to document: SINGLE LIFE INSURANCE ON FRANCES PAYNTER ONLY;
Acceptance of this endorsement ratifies the above statement.

(Def.'s Mem. Supp. J. Pleadings, Ex. D. at 1.) The second page of the Endorsement also only lists Frances E. Paynter as the "Primary Insured Debtor" and does not mention Enggist. (Id. at 2.)

a Rule 12(c) motion does not resolve disputes surrounding the facts or merits of a claim. See id.; Limestone Dev. Corp. v. Vill. of Lemont, Ill., --- F.3d ----, 2008 WL 852586, at *5 (7th Cir. 2008) (cautioning that Twombly "must not be overread. The Court denied 'requir[ing] heightened fact pleading of specifics,' 127 S. Ct. at 1974; 'a complaint . . . does not need detailed factual allegations'") (quoting Twombly, 127 S. Ct. at 1964). Instead, Twombly requires pleading "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Paynter's proposed Amended Complaint[6] alleges sufficient facts to give Household Insurance notice that she is claiming that Household Insurance approved Enggist for insurance, particularly given Paynter's allegation that Household Insurance sent a back-dated denial letter and Endorsement that listed Enggist as an insured on the same date it was notified of Enggist's death. Because the Court concludes that this case merits further factual development to determine whether Household Insurance approved Enggist for insurance, a judgment on the pleadings is inappropriate.

## IV. CONCLUSION

For the reasons expressed above, Household Insurance's Motion for Judgment on the Pleadings shall be DENIED and Plaintiff's Motion to Amend Complaint shall be GRANTED.

An appropriate Order shall issue.

---

[6]Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Therefore, the Fourth Circuit has admonished that leave to amend a complaint should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986)) (internal quotation marks omitted). As there are no allegations of bad faith, prejudice, or futility, the Court shall grant Plaintiff's Motion to Amend Complaint.

/s/
_____
James R. Spencer
Chief United States District Judge

Entered this _28th_ day of April 2008